UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Pauline E. Lasher, <br><br> Plaintiff, <br><br> v. <br><br> Day & Zimmerman International, Inc., <br><br> Defendant. | C/A No. 6:06-1681-GRA-BHH <br><br> <u>ORDER</u> <br> (Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g), D.S.C., and filed on June 15, 2007. Plaintiff filed this action on September 8, 2005, claiming that Defendant employer was liable for sexual harassment, gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, and state law claims of intentional infliction of emotional distress, negligent hiring, and negligent retention.

Defendant filed a Motion for Summary Judgment on December 4, 2006. Plaintiff filed a response to Defendant's motion on January 5, 2007. Defendant filed a reply brief on January 12, 2007. The magistrate recommends granting Defendant's Motion for Summary Judgment as to Plaintiff's state law claims and hostile work environment claims related to the conduct of Tom Sims. The magistrate, however, recommends that Defendant's Motion for Summary Judgment be denied as to

1

Plaintiff's hostile work environment claim and retaliation claim related to the conduct of Guy Starr. For the reasons stated herein, the magistrate's Report and Recommendation is hereby adopted.

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Defendant filed objections to the Report and Recommendation on June 29, 2007. Plaintiff filed a response that urged adoption of the Report and Recommendation as written.

## Discussion

Defendant objects that the record does not support the magistrate's conclusions that: (1) Plaintiff presented a *prima facie* case for her hostile work environment claim related to the conduct of Guy Starr; (2) Plaintiff presented a *prima facie* case for her

retaliation claim; and (3) Defendant's proffered reasons for Plaintiff's layoff were pretextual.  The Court will address each objection separately.

### A. *Prima Facie Case for Hostile Work Environment Claim*

As the magistrate correctly noted, to state a claim for hostile work environment, "a female plaintiff must prove that the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." *Ocheltree v. Scollon Prod., Inc.,* 335 F.3d 325, 331 (4th Cir. 2003).  The defendant argues that the magistrate erred by finding a genuine issue of material fact for each of the latter three elements.

#### 1. Based on Sex

Defendant argues that Guy Starr's alleged conduct was not based on Plaintiff's sex.  First, Defendant addresses Guy Starr's alleged comment that Plaintiff was a "token interview, a minority interview."  Defendant argues that this comment is inadmissible hearsay because "Plaintiff is clearly quoting statements made outside her presence and to a third party." *Objections* 4.  Hearsay evidence may not be considered on a motion for summary judgment. *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921 (6th Cir. 1999); *Macuba v. DeBoer*, 193 F.3d 1316 (11th Cir. 1999).  However, the Court disagrees with Defendant's characterization of Plaintiff's deposition testimony as inadmissible hearsay.

   Q. So, now, he calls you and mentions a job.

3

> A. Yes.
>
> Q. Pick up the narrative there and tell me how you came to work for Day and Zimmerman.
>
> A. He asked – he said there was a position open and that they had a new president and he needed to – Guy Starr actually said that he needed to have a token interview, female interview with this president because they had government contracts.

*Lasher Depo.* 15. From the context, it is clear that Plaintiff was referring to a conversation between her and Starr. Later in the deposition she was asked about it again.

> Q. You had mentioned earlier the word "token." Did he use that word specifically?
>
> A. He used that word. He also used the word "minority."

*Id.* 54. Therefore, this was not inadmissible hearsay and was properly considered by the magistrate.

Defendant further argues that the "token interview" comment was intended to mean a minority interview, one that is rare or difficult to get. However, another reasonable interpretation is that a "token interview" is one with no chance of being hired. Still another reasonable interpretation is that a "token interview" is one given because of a person's minority status rather than due to merit. The fact that Defendant eventually hired Plaintiff does not render the other interpretations

4

unreasonable as a matter of law.

Defendant argues that the magistrate should not have considered Guy Starr's alleged comments that women could not sell in the construction industry. Defendant points out that Plaintiff did not sell in the construction industry and that the comments were not made in Plaintiff's presence. Therefore, Defendant concludes, the comments could not have established a hostile work environment. The magistrate admitted that comments made outside the Plaintiff's presence do not state a claim for hostile work environment. However, the magistrate properly considered this statement as evidence of whether Guy Starr's conduct toward Plaintiff was motivated by the Plaintiff's sex.

Defendant objects that Plaintiff presented contradictory reasons for Guy Starr sending male co-workers with her on sales calls. In one affidavit, Plaintiff said that the co-workers were trying to help her develop the market place in Augusta, Georgia. Plaintiff and other witnesses claimed that Guy Starr sent male co-workers with her so that they could oversee her work and develop those clients without her. Harry Bouknight stated that this practice was demeaning and did not afford Plaintiff the latitude that male salespeople enjoyed to develop business relationships. Plaintiff's statements are not contradictory. According to Plaintiff, the co-workers wanted to help her develop the Augusta market. This does not call into question Plaintiff's assertion that Guy Starr wanted male co-workers to accompany her for his own reasons, which allegedly did not include helping the Plaintiff.

Defendant argues that because other female salespeople were not required to

take male co-workers on sales calls, Guy Starr's sending male co-workers with Plaintiff could not have been based on her sex. This is a plausible argument that goes to the weight of the evidence, but not to its admissibility. At least two witnesses aside from the Plaintiff have testified that this was a demeaning practice intended to allow male co-workers to take over Plaintiff's accounts. A reasonable jury could conclude that even where Guy Starr did not treat other women this way, he treated Plaintiff in this manner because of her sex.

Defendant argues Guy Starr's comments that Plaintiff was "incompetent" and a "female door opener" do not create a hostile work environment. Defendant claims that Plaintiff was, in fact, incompetent and thus cannot complain of being labeled as such. The evidence shows that Starr made these comments in front of other team members. Even if Starr's assessment is correct, the decision to say this in the presence of an audience may have been calculated to create a hostile work environment for Plaintiff.

Defendant argues that "female door opener" was intended as a compliment to Plaintiff because she opened doors to new business opportunities. Witnesses for Plaintiff did not view it as a compliment. Furthermore, the term "female door opener" may be interpreted as describing someone who is simply window dressing or who can only be trusted with simple, menial tasks. The intended meaning is dependent on the context and circumstances in which the comment was made. The jury as fact finder can best make this determination.

Defendant argues that Starr had no input with regard to Plaintiff's salary, therefore, her salary is irrelevant to her claim. Given the plaintiff's admission that Carter, upon approval from Bouknight, not Starr, recommended salary increases, *Lasher Dep.* at 196-97, no reasonable jury could find that the plaintiff's salary proves that Starr acted improperly on account of the plaintiff's sex. Even if Starr wanted to lower the plaintiff's salary on account of her sex, he could not. Therefore, the defendant's objection is with merit. The plaintiff's salary is irrelevant to demonstrate that Starr acted improperly on account of the plaintiff's sex.

Even without evidence of the plaintiff's salary, there is a genuine issue of whether Starr's conduct was based on the plaintiff's sex.

### 2.     Severity or Pervasiveness of the Conduct

A plaintiff must show that the harassment was both objectively and subjectively severe or pervasive. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Defendant argues that the plaintiff did not subjectively believe that Starr's conduct was severe or abusive, because the plaintiff never complained of Starr's conduct during her employment. However, a reasonable jury could find that (1) Rivet's practice of regularly checking in on Plaintiff's interactions with Starr and (2) Plaintiff's complaint about Starr on January 12, 2004, comprise the evidence necessary for the requisite subjective belief. Further, at deposition, plaintiff stated "I feared Guy Starr." *Lasher Dep.* at 193. Therefore, the defendant's objections are without merit.

The defendant also claims that Starr's treatment of the plaintiff was not

7

objectively severe or abusive. To analyze whether the harassment is objectively severe or pervasive, courts are instructed to look to the harassment's frequency, severity, and effect on the plaintiff's work performance. *Harris*, 510 U.S. 17. To attack the frequency of the alleged harassment, Defendant objects to the magistrate's characterization of the alleged harassment as "constant."

First, the defendant argues that it was improper for the magistrate to use the plaintiff's affidavit because it contradicted her prior deposition testimony. *Objections* at 11. Defendant claims that the plaintiff's testimony that Starr was "overly, sugary nice" to her contradicts with the her subsequent affidavit that stated that: (1) Starr and Plaintiff's relationship had deteriorated, (2) Starr refused to work with plaintiff, and (3) that Starr had made it clear to her that he didn't think women should be selling accounts in the construction industry. *Plaintiff's Aff.* at ¶ 8. The defendant's objection takes the plaintiff's deposition statement out of context. Within the context of the deposition, a jury could find that the "niceness" the plaintiff referred to was overly sarcastic behavior on the part of Starr. Just after this statement, the plaintiff made it clear she would not go into Starr's office because she did not trust him. *Plaintiff's Dep.* at 189. Deposition testimony about Starr acting "sugary nice" that resulted in the plaintiff's further distrust of Starr does not contradict the subsequent affidavit where similar accusations are made. Therefore, the magistrate correctly reviewed the plaintiff's affidavit.

Second, the defendant argues that Plaintiff's affidavit alleging that Starr made it clear that women should not be selling in the construction industry contradicts the

plaintiff's prior deposition because the plaintiff's deposition testimony asserts that: (1) Starr never made a comment of this nature in the plaintiff's presence and (2) the plaintiff only identified four episodes of objectionable behavior by Starr.  The former objection is without merit because Starr need not make a specific comment to make his feelings about women in the construction industry clear; Plaintiff alleges Starr's actions, such as sending males with her on sales calls, demonstrate Starr's opinion.  The latter objection is without merit because the plaintiff's deposition is replete with examples of potential harassment beyond what the defendant has termed the "episodes."   The affidavit was properly considered.

Defendant next argues that any harassment was not severe enough to constitute a Title VII violation.  Defendant argues that all of the times the plaintiff alleges that Starr "fussed" at her, Starr was actually "fussing" at the plaintiff and others.   However, it is clear from the examples the defendant raises that the plaintiff was the catalyst for each of Starr's tirades.  A reasonable jury could find that fussing at the plaintiff in front of others is actually more severe than just fussing at the plaintiff alone because it involves the humiliation of the plaintiff in front of her co-workers.  Further, the defendant argues that Bouknight and Carter's characterization of Starr's treatment of the plaintiff as "very negative" and "unacceptable" does not raise the level of the harassment above that of a personality conflict.  However, a reasonable jury could find that the testimony of two co-workers corroborating the plaintiff's story tends to prove that the harassment was severe.

Finally, the defendant argues that any harassment did not effect the plaintiff's work performance. Defendant apparently argues that the plaintiff did not actually believe that Starr would or could fire her, so it could not have effected her work performance. The defendant cites to the plaintiff's deposition where she said she did not know anyone that Starr had fired. However, the defendant then makes it clear that if Starr wanted to fire the plaintiff, it would have occurred. Therefore, a reasonable jury could find, as the defendant admits, that plaintiff worked under the fear of termination at the hand of a high-ranking executive. The defendant also argues that sending the plaintiff on joint business calls helped her work performance rather than hindered it. However, as stated before, a reasonable jury could find that Starr was sending males on these joint calls to watch over her, and eventually replace her. Therefore, it is reasonable to believe the plaintiff's job performance could be effected by having to attend business calls with her potential replacement at her side.

Therefore, the defendant's objections to the magistrate's finding as to the severity and pervasiveness of the harassment are without merit; upon the evidence the plaintiff has produced, a reasonable jury could find that the conduct was severe and pervasive.

### 3.     Basis for Imputing Liability on Defendant

#### a.     Starr's Supervisory Status

Defendant argues that Starr was not the plaintiff's supervisor. Defendant specifically objects to this finding by citing a chart Plaintiff made at deposition and Starr's lack of input in setting the plaintiff's salary.

An individual's status as a supervisor depends on whether the particular conduct complained about was "aided by the agency relation," not merely whether the improper action was taken by a superior. *Mikels v. City of Durham*, 183 F.3d 323, 332, 334 (4th Cir. 1999). "The most powerful indication of supervisory status is the ability to take *tangible employment actions* against the victim, such as 'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.'" *Id.* at 566 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)) (emphasis added). It is an employee's *ability* to take tangible employment actions that gives an employee supervisory status because, "[t]he determin[ing factor] is whether as a practical matter [the alleged supervisor's] employment relation to the victim was such as to constitute a continuing threat to her employment conditions that made her vulnerable to and defenseless against the particular conduct in ways that comparable conduct by a mere co-worker would not." *Mikels*, 183 F.3d at 333.

Plaintiff has raised an issue of fact as to whether Starr had input into the hiring of plaintiff, *Lasher Depo* at 15, and firing the plaintiff. *Id.* at 80-81. The plaintiff has raised a sufficient question of fact as to whether Starr had the authority to take tangible employment acts. This, as matter of law, is enough to create a question of fact as to whether Starr's alleged misconduct was aided by the agency relationship.

    b. *Faragher/Ellerth* Affirmative Defense

Though the litigants agree that Starr took no "tangible employment actions,"

thereby eliminating strict liability, Defendant specifically objects to the magistrate's findings that there is a question of fact as to both elements of the affirmative defense laid out in *Burlington Indust. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). The *Faragher/Ellerth* rule allows an employer to avoid vicarious liability for an improper, non-tangible employment action taken by a supervisor by showing that the employer both: (1) "exercised reasonable care to prevent and correct promptly" any harassing behavior; and (2) the victim "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Mikels*, 183 F.3d at 332 (citing *Ellerth*, 524 U.S. at 765; *Fargher*, 524 U.S. 807-08).  The existence of an anti-harassment policy does tend to prove that the employer exercised reasonable care to prevent harassment, *Faragher*, 524 U.S. 775; however, in addition to enacting a policy, "[T]he employer must act reasonably[.]" *Brown v. Perry*, 184 F.3d 388, 396 (4th Cir. 1999).

Defendant argues that the magistrate could not have found a question of fact as to the first element of the *Fargher/Ellerth* defense because the magistrate found that the Defendant acted reasonably in regards to the plaintiff's complaint about Sims.  This is not dispositive as to the issue for Starr.  The magistrate found that the plaintiff had alleged ongoing, public harassment by Starr while the defendant stood by and failed to take any steps to remedy the situation.  Further, plaintiff states that she and Rivet, the manager of human resources, discussed the harassment by Starr on a regular basis. *Lasher Dep.* at 160.  A reasonable jury could find that the plaintiff faced ongoing

harassment after telling the manager of human resources about the issue and, therefore, the administration of the policy was not reasonable.

Defendant also argues that there is no question of fact as to the second element of the *Fargher/Ellerth* defense because the plaintiff never complained about unlawful harassment. Magistrate expressly noted that the plaintiff reported Starr's conduct on January 12, 2004. *Rivet Dep.* at 66. Further, the manager of human resources was aware of the alleged harassment and regularly asked the plaintiff about it. *Lasher Dep.* at 160.

Defendant argues that the plaintiff only complained about work-related issues without reference to sexual harassment. In a letter the defendant cites to dated January 11, 2004, from the plaintiff to Rivet, the plaintiff complains to Rivet about the negative way in which Starr referred to her amongst the defendant's employees. Given that the plaintiff has consistently alleged that Starr berated her on account of her sex, a reasonable jury could find that, in this letter, Plaintiff was complaining about sexual discrimination or harassment, not merely professional disputes. Therefore, the defendant's objections are without merit.

### B.    **Prima Facie Retaliation**

Defendant objects to magistrate's finding that the plaintiff evinced a *prima facie* case for retaliation. First, the defendant contends that the magistrate considered all of the plaintiffs allegations, rather than just the complaints she made while employed. This objection is without merit because the magistrate specifically relied on the plaintiff's

13

complaint pertaining to Starr made during her employment on January 12, 2004. Defendant also argues that this complaint to Rivet did not contain any reference to sexual discrimination but only work-related grievances. This objection is without merit because, as explained *supra*, it is reasonable to believe that plaintiff's letter was referring to prior incidents of sexual discrimination.

Defendant also objects that there can be no causation between the plaintiff's protected activity and the firing, because the plaintiff did not engage in any protected activity. This objection is without merit because the complaint on January 11, 2004, arguably complained of sexual discrimination and/or harassment. Defendant also argues there is no causal connection between the complaint and the firing. However, the magistrate correctly cited binding precedent noting that temporal proximity between a protected act and a firing can constitute the necessary causation. *Tinsley v. First Union Nat. Bank.*, 155 F.3d 435, 443 (4th Cir. 1998).

The Defendants objections to the magistrate's finding that the plaintiff evinced a prima facie showing of a claim for retaliation are without merit.

### C.     *Pretextual Reasons for Firing*

Defendant objects to the magistrate's finding that there is a question of fact as to the plaintiff's allegation that the defendant's expressed reasons for firing her were pretextual. Defendant claims that the plaintiff's allegation–that she was not chosen to be laid off until she complained about Starr's conduct–is without any support. As the magistrate's report noted, Bouknight testified that the plaintiff was not part of the

original downsizing. Regardless of the existence of an announcement, the plaintiff has raised a question of fact as to whether the decision to fire her only came after her complaint about Starr.

The defendants objections as to pretext are without merit.

## Conclusion

After a review of the magistrate's Report and Recommendation, this Court adopts the magistrate's Report and Recommendation as specified by this Order.

IT IS THEREFORE ORDERED that the defendant's Motion for Summary Judgment be Granted, in part, and Denied, in part.  Summary judgement is GRANTED  as to the plaintiff's claims for intentional infliction of emotional distress, negligent retention, and hostile work environment relating to Tom Sims.  Summary judgment is DENIED as to the plaintiff's claims for hostile work environment relating to Guy Starr and retaliation.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September 24, 2007
Anderson, South Carolina