IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Pauline E. Lasher, ) | |
| ) | Civil Action No. 6:06-1681-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Day & Zimmerman International, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

The case was referred to this court for disposition on March 26, 2008, upon consent of the parties pursuant to Title 28, United States Code, Section 636(c), and Local Rule 73.01(B), DSC, by order of the Honorable Gr. Ross Anderson, Jr., United States District Judge.

In her complaint, the plaintiff alleges causes of action for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. The case was set for jury trial beginning Monday, April 21, 2008. On April 14, 2008, the parties exchanged proposed exhibits for trial. The documents delivered to the defendant by the plaintiff included 142 pages of documents the defendant had never seen before, consisting of copies of the plaintiff's personal planners from 2003 and 2004. The plaintiff admits that the documents were covered by the defendant's requests for production, which were served in September 2006. According to the plaintiff's counsel, the plaintiff provided the documents to her counsel, and counsel believed the documents had been provided to the defendant. However, a mix-up in counsel's office prevented the documents from being produced. The non-disclosure of documents was clearly unintentional on the part of the plaintiff and her counsel.

On April 16, 2008, the defendant filed a motion to dismiss or, in the alternative, to strike any portion of the complaint to which the documents in question relate. In the alternative, the defendant requested an opportunity to depose the plaintiff and conduct other

discovery it may choose on these previously undisclosed documents, to make any dispositive motions, and to seek associated costs and attorney fees. The defendant also filed a motion for other sanctions pursuant to Federal Rule of Civil Procedure 37. The plaintiff filed a response brief on April 18, 2008. The plaintiff states that the documents at issue would be used by the plaintiff at trial to identify certain dates. She contends that the "information on the calendars is very sketchy and in every relevant respect, Plaintiff has given extensive testimony abut the matters shown by the documents" (pl. resp. 2-3).

Because of the proximity of the trial date, this court convened a hearing on the issue by telephone on April 17, 2008. During that hearing, this court directed the parties to agree to a time for the deposition of the plaintiff over the weekend so that the trial could convene on Tuesday, April 22nd. This court also directed that the plaintiff's lawyers pay the costs and attorney fees associated with the deposition of the plaintiff. After the hearing, discussions between the parties and their witnesses revealed that delaying the trial to later in the week or later in the month would be unfeasible. Subsequently, the parties agreed to a non-jury trial in July.

Now, therefore, based upon the foregoing, the defendant's motion to dismiss or to strike is denied. The defendant's alternative motion requesting further discovery is granted. Further, the defendant's request that it be awarded costs and attorney fees associated with the instant motion, the further discovery necessitated by the late disclosure of documents, and any resulting dispositive motion is also granted. The defendant's request for attorney fees and costs for "preparing for any subsequent trial" (def. m. to dismiss 4) is denied as such fees and costs were not caused by the plaintiff's non-disclosure of the documents at issue. Lastly, the defendant's motion for other sanctions is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

April 21, 2008
Greenville, South Carolina