IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Pauline E. Lasher, ) | |
| ) | Civil Action No. 6:06-1681-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Day & Zimmerman International, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on the defendant's renewed motion for summary judgment. The case was referred to this court for disposition on March 26, 2008, upon consent of the parties pursuant to Title 28, United States Code, Section 636(c), and Local Rule 73.01(B), DSC, by order of the Honorable G. Ross Anderson, Jr., United States District Judge.

The plaintiff's remaining[1] causes of action are for retaliation and hostile work environment, relating to the conduct of Guy Starr, in violation of Title VII of the Civil Rights Act of 1964, as amended. The case was set for jury trial beginning Monday, April 21, 2008. On April 14, 2008, the parties exchanged proposed exhibits for trial. The documents delivered to the defendant by the plaintiff included 142 pages of documents the defendant had never seen before, consisting of copies of the plaintiff's personal planners from 2003 and 2004. The plaintiff admits that the documents were covered by the defendant's requests for production, which were served in September 2006. According to the plaintiff's counsel, the plaintiff provided the documents to her counsel, and counsel believed the documents had been provided to the defendant. However, a mix-up in counsel's office prevented the

---

[1] Judge Anderson granted summary judgment to the defendant on the plaintiff's other claims on September 24, 2007.

documents from being produced. The non-disclosure of documents was clearly unintentional on the part of the plaintiff and her counsel.

On April 16, 2008, the defendant filed a motion to dismiss or, in the alternative, to strike any portion of the complaint to which the documents in question relate. In the alternative, the defendant requested an opportunity to depose the plaintiff and conduct other discovery it may choose on these previously undisclosed documents, to make any dispositive motions, and to seek associated costs and attorney fees. The defendant also filed a motion for other sanctions pursuant to Federal Rule of Civil Procedure 37. The plaintiff filed a response brief on April 18, 2008. The plaintiff stated that the documents at issue would be used at trial to identify certain dates. She contended that the "information on the calendars is very sketchy and in every relevant respect, Plaintiff has given extensive testimony about the matters shown by the documents" (pl. resp. m. to dismiss 2-3).

On April 21, 2008, this court denied the motion to dismiss, granted the motion for further discovery, and granted in part and denied in part the motion for sanctions. On June 18, 2008, the defendant filed its renewed motion for summary judgment, and the plaintiff filed her opposition on July 7, 2008.

**FACTUAL BACKGROUND**

The defendant is a commercial builder that provides contract services for development and renovation (*see generally* Rivet aff.). It hired the plaintiff on January 6, 2003, as a Business Development Manager in Greenville, South Carolina (Lasher aff. ¶ 2). She was interviewed and hired by Guy Starr, Vice President of Operations for Greenville, South Carolina. Starr was the plaintiff's eventual "dotted line" supervisor, meaning that he was not her direct report but that he had supervisory authority over her and that they interacted on a frequent basis (*id*. ¶ 19; Bouknight aff. ¶ 3).

2

The plaintiff claims that Starr did not like females in the construction industry and described her as a "token" interview prior to hiring her (Lasher dep. at 15-16.) The plaintiff further claims that Starr harassed her on account of his alleged discriminatory animus for the entire time of her employment. Specifically, the plaintiff alleges that he was verbally abusive and demeaning and that he would undermine the effectiveness of her work by sending male co-workers with her on client visits (*see* Carter aff. ¶ 5; Bouknight aff. ¶ 4.)

The plaintiff contends that the conduct of Starr constituted a hostile work environment. She further contends that when she finally reported Starr's conduct on January 11, 2004, she was retaliated against for it, only days later, when her employment was terminated on January 16, 2004, as part of what the defendant contends was a nine-employee layoff.

The plaintiff has produced the following evidence in support of her claims:

- During her initial interview for the job, Starr told the plaintiff that she was considered a "token interview":

    A:   Guy Starr actually said that he needed to have a token interview, female interview with this President because they had government contracts. And wanted to know – he had told the President he only knew of two females that he could get for an interview, that he only knew of two interviews that could qualify for this token interview, a minority interview. And so, he says, "I know of" – I don't know where one was, but he said, "The one in Augusta, Georgia, I don't know if we can get her or not."

    Q:   So, you were that one?

    A:   That's the one I was.

    (Lasher dep. at 15-16).

- Starr expressed to Tex Carter, the plaintiff's immediate supervisor, that "he did not believe that women could successfully sell in the construction industry" (Carter aff. ¶ 5).

- Starr sent male co-workers with the plaintiff on sales calls to "over-look" her work (*id*.). Both Carter and Hal Bouknight, the former President of the defendant's Greenville Business Unit, have offered testimony that

3

- this practice was (1) "demeaning"; (2) a reflection of Starr's prejudices against women in the construction industry; and (3) done specifically to harass the plaintiff on account of her sex (*see* Carter aff. ¶ 5; Bouknight aff. ¶ 4).

- Starr would criticize the plaintiff as "incompetent" and "the female door opener" in front of other team members (Bouknight aff. ¶ 4).

- The plaintiff swears that "on many occasions" Starr "made it clear" to her that he did not think that women should be selling to accounts in the construction industry (Lasher aff. ¶ 7).

- Starr "would openly speak negatively about the plaintiff," harassed her, and treated "her in demeaning ways" (*id*.; Carter aff. ¶ 5).

- In spite of allegedly better job performance (*see* Bouknight aff.¶ 5), the plaintiff's salary remained less than two male workers who performed the same sales functions (Lasher dep. at 144).

- The affidavits of Bouknight and Carter indicate, both expressly and impliedly, that Starr *often* (1) treated the plaintiff in demeaning ways and (2) inappropriately criticized her during meetings (Bouknight aff. ¶ 4; Carter aff. ¶ 5).

- The affidavits of Bouknight and Carter further indicate that it was a regular practice to send male counterparts with the plaintiff on sales calls, which both Bouknight, Carter, and the plaintiff interpreted as sex-based harassment (*id*.; Lasher aff. ¶ 7).

- On January 11, 2004, the plaintiff e-mailed Jim Rivet, the Human Resource Director for the Greenville Office, and complained that Starr had "harassed" her and that she had been subjected to a "hostile environment" (def. reply m.s.j. I, ex. 3, 4, 5).

- The plaintiff has presented evidence that on January 15, 2004, the day before her termination and days after her complaint concerning Starr, the defendant's new President, Mike McAreavy, announced that there would be no new layoffs (Lasher aff. ¶ 8). Notwithstanding the January 15 announcement, the plaintiff's employment was terminated the next day. The plaintiff has also submitted affirmative evidence that she was specifically rejected as a part of the layoff plan prior to the announcement (Bouknight aff. ¶ 5).

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

4

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## ANALYSIS

The defendant filed its first motion for summary judgment on December 4, 2006. On June 15, 2007, the Honorable Bruce H. Hendricks, United States Magistrate Judge, recommended that summary judgment be denied as to the retaliation claim and the hostile work environment claim relating to Guy Starr and be granted as to the remaining claims. Judge Anderson adopted the recommendation, finding that issues of material fact remained on the two claims.

In the renewed motion for summary judgment, the defendant rehashes arguments made before Judge Hendricks and Judge Anderson. The court can ascertain only two new arguments presented in the renewed motion. In the first new argument, the defendant argues that the plaintiff cannot make out a *prima facie* case of hostile work environment based upon the plaintiff's personal planners that were produced to the defendant in April. The plaintiff's personal planners document the details of her daily life, including the food she ate, the movies and shows she watched, and when she colored her hair. The plaintiff testified that her planners would contain notations of extraordinary or remarkable events. However, she mentions Starr only 10 times, and only four of the notations involve behavior by Starr that the plaintiff has characterized in her depositions as objectionable. As Judge Anderson found in his order, issues of material fact remain on the

6

hostile work environment and retaliation claims. The new evidence only raises additional issues of fact and does not entitle the defendant to summary judgment.

In the second new argument, the defendant claims that the plaintiff failed to exhaust her administrative remedies as required by Title VII.[2] Specifically, the defendant argues that because the plaintiff did not name Starr in her EEOC charge, she failed to exhaust her administrative remedies as required by Title VII. In January and March of 2004, the plaintiff filed a charge of discrimination against the defendant, a perfected charge of discrimination, and an affidavit in support of her charge (def. supp. m.s.j., ex. L, M, N). The plaintiff raised three allegations in these documents: (1) that she was paid less than a male coworker; (2) that another employee, Tom Sims,[3] sexually harassed her; and (3) that the defendant discharged her in retaliation for her complaint against Sims. On May 25, 2004, the defendant prepared and submitted a position statement addressing the claims in the charge. The EEOC issued a determination letter on September 30, 2004, finding in the defendant's favor on the allegations contained in the charge. However, the EEOC's letter stated that the plaintiff and another female employee may have been subjected to a hostile environment because of their sex by an official with the defendant. The letter did not identify the official. According to the defendant, the EEOC did not identify the official as Starr until approximately four months later on January 31, 2005, after repeated efforts by the defendant to contact the EEOC. The defendant argues that it had no opportunity to investigate or address the allegations against Starr prior to the issuance of the letter. Accordingly, the defendant argues that the plaintiff has failed to exhaust her administrative remedies.

As pointed out by the plaintiff, the evidence shows that the plaintiff sent two e-mails to Jim Rivet, the Human Resource Director for the defendant's Greenville office, on

---

[2] It is unclear why this argument was not raised by the defendant in its initial motion for summary judgment, as the argument is clearly unrelated to the documents produced by the plaintiff on April 18th.

[3] Judge Anderson dismissed the plaintiff's hostile work environment claim relating to Sims' conduct.

7

January 11, 2004, in which she complained that Starr had "harassed" her and that she had been subjected to a "hostile environment" (def. reply m.s.j. I, ex. 3, 4, 5). Accordingly, the defendant had notice of a complaint by the plaintiff regarding Starr. Further, in *EEOC v. General Elec. Co.*, 532 F.2d 359 (4th Cir. 1976), the Fourth Circuit Court of Appeals stated:

> The [EEOC] charge is not to be treated as a common-law pleading that strictly cabins the investigation that results therefrom, or the reasonable cause determination that may be rested on that investigation. The charge merely provides the EEOC with "a jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices;" and that investigation may well "disclose, as in this instance, illegal practices other than those listed in the charge" and provide a basis for a reasonable cause determination with respect to those practices.

*Id.* at 364 (quoting *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 928 (5th Cir. 1975) and *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir. 1975)). Here, the plaintiff's charge, even though it did not mention Starr, led to the investigation of Starr's conduct, and that investigation led to the EEOC's determination that the plaintiff and another female employee may have been subjected to a hostile environment because of their sex by Starr. Based upon the foregoing, the defendant's argument fails.

## CONCLUSION

Wherefore, based upon the foregoing,

IT IS ORDERED that the defendant's renewed motion for summary judgment (doc. 137) is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

July 9, 2008

Greenville, South Carolina

8