IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Pauline E. Lasher, )<br><br>                        Plaintiff, )<br><br>            vs. )<br><br>Day & Zimmerman International, Inc., )<br><br>                        Defendant. )<br>_____) | Civil Action No. 6:06-1681-WMC<br><br>**O R D E R** |

The plaintiff filed a complaint on September 8, 2005, alleging that, during the year of her employment with Day & Zimmerman International, Inc. ("DZII"), her co-worker Tom Sims and her purported supervisor, Guy Starr, subjected her to sexual harassment, sex discrimination, and intentional infliction of emotional distress. The plaintiff also alleged that DZII negligently hired and retained Sims and that DZII retaliated against her by selecting her for layoff because she purportedly complained of sexual harassment. On September 24, 2007, the Honorable G. Ross Anderson, Jr., United States District Judge, entered an order granting DZII's motion for summary judgment as to the plaintiff's negligent retention and intentional infliction of emotional distress claims, as well as her claim of sexual harassment by Sims. The court denied the motion as to the plaintiff's remaining claims (the retaliation and hostile work environment claims involving Starr).

The case was referred to this court for disposition on March 26, 2008, upon consent of the parties pursuant to Title 28, United States Code, Section 636(c), and Local Rule 73.01(B), DSC, by order of Judge Anderson. A bench trial was held on July 21-22, 2008. On August 13, 2008, this court entered an order finding for the defendant on both of the plaintiff's remaining claims.

On August 27, 2008, the defendant filed its Bill of Costs (doc. 161). On September 12, 2008, the plaintiff filed her opposition to the Bill of Costs (doc. 162), and on

September 22, 2008, the defendant filed its response in support of the Bill of Costs (doc. 170).

Federal Rule of Civil Procedure 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." The Fourth Circuit Court of Appeals has clarified that the rule gives rise to a presumption in favor of an award of costs to the prevailing party. *Teague v. Taggart*, 35 F.3d 978, 996 (4th Cir. 1994). In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), the Supreme Court held that federal courts are limited to assessing only those costs enumerated under 28 U.S.C. § 1920.[1] However, it is generally accepted that courts are free to interpret the meaning of the costs stated within Section 1920. *See Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176-77 (9th Cir.1990) (holding that courts are free to interpret what constitutes taxable costs after *Crawford* ).

The defendant seeks costs of $4,432.71, including fees for court reporters, copies, postage, travel, and meals. The plaintiff states that she objects to any and all costs. However, as the defendant is the prevailing party, this court will presume that the defendant is entitled to an award of costs.

The plaintiff also objects to certain specific costs. The plaintiff argues that the notary and reporting fees of $100.00 and $137.50 for her depositions are improper as "[d]iscovery depositions are not taxable" (pl. opp. to costs 1). According to 28 U.S.C.

---

[1]The statute provides in pertinent part:
>A judge or clerk of any court of the United States may tax as costs the following:
>(1) Fees of the clerk and marshal;
>(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>(3) Fees and disbursements for printing and witnesses;
>(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>(5) Docket fees under section 1923 of this title;
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. . . .

28 U.S.C. § 1920.

§ 920(2), taxing of costs are permitted with regard to the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The plaintiff has cited no authority for her assertion that the defendant cannot recover costs associated with her deposition. Local Civil Rule 54.03(H)(3) DSC states that taxable costs include those for "[d]epositions used during trial for impeachment purposes where the party using the deposition for impeachment prevails." The rule notes specifically that such costs include "stenographer's fee, costs of original transcription, and postage." In the instant case, the defendant used the plaintiff's first and second depositions for impeachment purposes at trial and ultimately prevailed on all of the plaintiffs claims. Further, even if the defendant had not used her depositions at trial, it would still be entitled to these costs because taxable costs include those associated with "[d]epositions not admitted at trial but which were 'reasonably necessary' at the time of their taking." Local Civil Rule 54.03(H)(4) DSC. The plaintiff also objects to the costs for copies of her deposition transcripts. However, according to the defendant, such copies were provided by the court reporter free of charge (def. reply 3-4). Based upon the foregoing, the court reporter fees claimed by the defendant are taxable against the plaintiff.

Next, the plaintiff objects to the defendant's fees for photocopies, arguing that the defendant did not identify each document, list the number of pages, the number of copies, their purpose, and the per page rate. In its response, the defendant notes that such fees are taxable under 28 U.S.C. § 1920(4) and Local Civil Rule 54.03(F). The defendant notes that photocopies made internally were charged at the rate of ten cents per copy. The defendant also identified the documents copied and listed the number of pages copied of each document. "It is well established that costs incurred in copying depositions, exhibits and other documents for use in the case are taxable against the non-prevailing party." *Wyne v. Medo Indus.*, 329 F.Supp.2d 584, 590 (D. Md. 2004) (awarding prevailing party $504.90 for photocopies furnished to the court and opposing counsel). Based upon the foregoing, the defendant's fees of $495.31 for photocopying are taxable against the plaintiff.

3

The plaintiff objects to the costs claimed by the defendant for obtaining a copy of the jury questionnaires from AIM Mail Center in January and April 2008. These costs total $286.64 and include Federal Express and United Postal Service mailing charges. The defendant notes that the reason there are two sets of charges is because the trial date was changed in January 2008 upon request of the plaintiff. The defendant then had to repeat the process of obtaining jury questionnaires in April 2008. This court finds that the copying costs for the jury questionnaires is a taxable cost. With regard to the mailing expenses, "courts have generally not allowed the inclusion of mailing expenses as a taxable cost, absent special circumstances." *AM Properties v. Town of Chapel Hill,* 202 F.Supp.2d 451, 456 (M.D. N.C. 2002) (citing *Matter of Penn Central Transp. Co.*, 630 F.2d 183, 192 (3d Cir.1980)). The defendant states that the FedEx and UPS charges were necessary because AIM Mail Center did not prepare the copies until shortly before jury selection was to occur. This court finds the express shipping charges in this case are not such "special circumstances" as to justify taxation against the plaintiff. Accordingly, the defendant's Bill of Costs will be reduced by $40.50.

The plaintiff objects to the costs of $165.32 for meals and $1,239.52 for travel expenses incurred by the defense counsel in attending depositions (including a deposition in Houston, Texas conducted by the plaintiff), conferences, and trial. The defendant cites *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988) (holding that trial court did not abuse discretion in including as costs the travel expenses of the attorneys) in support of its claim of attorney travel expenses. However, the court in *Herold* included travel expenses as part of the attorney fees authorized by statute in the Age Discrimination in Employment Act. *Id.* By order filed September 16, 2008, this court has previously denied the defendant's motion for attorney fees. This court finds that the travel expenses of $1,239.52 incurred by defense counsel is not taxable as a cost against the plaintiff. Further, the $165.32 for meals for the defense counsel and their clients is not a taxable cost. Accordingly, the defendant's Bill of Costs will be reduced by $1,404.84.

The plaintiff objects to the cost of $71.87 for Federal Express fees. The defendant notes that Local Civil Rule 54.03(H) specifically states that taxable costs include postage incidental to the taking of depositions. The defendant contends that the two charges of $10.57 on February 22, 2007, for items sent to Jim Rivet, and the April 13, 2007, charge of $11.46 for items sent to the court reporter fall in this category. The defendant provides no information as to the charges for $20.14 and $19.13 on November 6, 2006. Accordingly, the defendant's Bill of Costs will be reduced by $39.27.

Lastly, the plaintiff objects to a fee of $40.00 for dictation of notes from Dr. Keith Barton, the plaintiff's psychologist. According to the defendant, Dr. Barton provided it with the plaintiff's psychological records in accordance with the plaintiff's signed authorization. However, the notes were illegible. Therefore, defense counsel had to contact Dr. Barton for clarification of the  meaning of some of the documents. This court finds that this is not a proper cost as it appears to be incidental to defense counsel's services, and it does not fall within the definition of "costs" in Section 1920. Accordingly, the Bill of Costs will be reduced by $40.00.

Wherefore, based upon the foregoing, the defendant's Bill of Costs, which initially requested a sum of $4,432.71, will be reduced by a total of $1,524.61. Accordingly, the costs recoverable by the defendant and taxed against the plaintiff pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 will be Two Thousand Nine Hundred Eight and 10/100 ($2,908.10) Dollars.

IT IS SO ORDERED.


s/William M. Catoe
United States Magistrate Judge

September 26, 2008
Greenville, South Carolina

5