IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Pauline E. Lasher, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Day & Zimmerman International, Inc., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 6:06-1681-WMC <br><br> **O R D E R** |

    The plaintiff filed a complaint on September 8, 2005, alleging that, during the year of her employment with Day & Zimmerman International, Inc. ("DZII"), her co-worker Tom Sims and her purported supervisor, Guy Starr, subjected her to sexual harassment, sex discrimination, and intentional infliction of emotional distress. The plaintiff also alleged that DZII negligently hired and retained Sims and that DZII retaliated against her by selecting her for layoff because she purportedly complained of sexual harassment. On September 24, 2007, the Honorable G. Ross Anderson, Jr., United States District Judge, entered an order granting DZII's motion for summary judgment as to the plaintiff's negligent retention and intentional infliction of emotional distress claims, as well as her claim of sexual harassment by Sims. The court denied the motion as to the plaintiff's remaining claims (the retaliation and hostile work environment claims involving Starr).

    The case was referred to this court for disposition on March 26, 2008, upon consent of the parties pursuant to Title 28, United States Code, Section 636(c), and Local Rule 73.01(B), DSC, by order of Judge Anderson. A bench trial was held on July 21-22, 2008. On August 13, 2008, this court entered an order finding for the defendant on both of the plaintiff's remaining claims.

    The case was originally set for jury trial beginning Monday, April 21, 2008. On April 14, 2008, the parties exchanged proposed exhibits for trial. The documents

delivered to the defendant by the plaintiff included 142 pages of documents the defendant had never seen before, consisting of copies of the plaintiff's personal planners from 2003 and 2004. The plaintiff admits that the documents were covered by the defendant's requests for production, which were served in September 2006. According to the plaintiff's counsel, the plaintiff provided the documents to her counsel, and counsel believed the documents had been provided to the defendant. However, a mix-up in counsel's office prevented the documents from being produced. The non-disclosure of documents was clearly unintentional on the part of the plaintiff and her counsel.

On April 16, 2008, the defendant filed a motion to dismiss or, in the alternative, to strike any portion of the complaint to which the documents in question relate. In the alternative, the defendant requested an opportunity to depose the plaintiff and conduct other discovery it may choose on these previously undisclosed documents, to make any dispositive motions, and to seek associated costs and attorney fees. The defendant also filed a motion for other sanctions pursuant to Federal Rule of Civil Procedure 37. The plaintiff filed a response brief on April 18, 2008. Because of the proximity of the trial date, this court convened a hearing on the issue by telephone on April 17, 2008. During that hearing, this court directed the parties to agree to a time for the deposition of the plaintiff over the weekend so that the trial could convene on Tuesday, April 22. This court also directed that the plaintiff's lawyers pay the costs and attorney fees associated with the deposition of the plaintiff. After the hearing, discussions between the parties and their witnesses revealed that delaying the trial to later in the week or later in the month would be unfeasible. Subsequently, the parties agreed to a non-jury trial in July.

On April 21, 2008, this court issued a written order denying the defendant's motion to dismiss or to strike. The defendant's alternative motion requesting further discovery was granted. Further, the defendant's request that it be awarded costs and attorney fees associated with the motion, the further discovery necessitated by the late disclosure of documents, and any resulting dispositive motion was also granted. The

2

defendant's request for attorney fees and costs for "preparing for any subsequent trial" was denied as such fees and costs were not caused by the plaintiff's non-disclosure of the documents at issue. Lastly, the defendant's motion for other sanctions was denied. The defendant filed a renewed motion for summary judgment on June 18, 2008, which was denied by this court on July 9, 2008.

Following trial, the defendant filed a motion seeking $350,000.00[1] in attorney fees as the prevailing party in a Title VII action. By order dated September 26, 2008, this court found that while the plaintiff did not prove her claims by a preponderance of the evidence, her claims were not frivolous, unreasonable, or without foundation, and therefore denied the motion for attorney fees. By order dated September 26, 2008, this court found that the costs recoverable by the defendant and taxed against the plaintiff pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 would be $2,908.10.

This matter is currently before the court on the defendant's request for payment of the attorney fees previously awarded in the April 21, 2008, order. The defendant seeks $40,722.00 in attorney fees associated with the motion for sanctions, the second deposition of the plaintiff, and the renewed motion for summary judgment. This amount represents 126.90 hours of associate time at a rate of $210.00 per hour, 16.60 hours of associate time at $270.00 per hour, and 27.80 of partner time at $345.00 per hour.

This court has reviewed the renewed motion for summary judgment, which included a 35-page memorandum. However, the portion of the memorandum dedicated to facts and arguments surrounding the personal planners and the plaintiff's second deposition covers only approximately five pages. Further, the second deposition of the plaintiff apparently lasted for some seven hours, much longer than the court would expect on the limited issue of the late-produced documents. The attorney fees sought by the defendant on this limited issue are grossly excessive. This court finds that a fair amount

---

[1]This amount did not include the fees now at issue.

of time to be spent on the motions and deposition relevant to the personal planner documents would be 15 hours.   Multiplying the 15 hours by the rate of $200.00 per hour, this court finds that the plaintiff's counsel should pay the defendant Three Thousand and 00/100 ($3,000.00) Dollars in attorney fees.

        IT IS SO ORDERED.

        s/William M. Catoe
        United States Magistrate Judge

November 17, 2008

Greenville, South Carolina